Bank v. Floyd, 131 Tex. 388, 114 S.W.2d 530; Sparenberg v. Lattimore, 134 Tex. 671, 139 S.W.2d 77.

■ A writ will not be issued against the respondents, the two district judges, because it is not alleged in relator's petition that they have permitted or that they intend to permit the taking of procedural steps for the trial of issues concluded by this Court's judgment, and we do not assume that they will permit the disregarding of the judgment of this Court or interference with its enforcement.

A writ of prohibition will issue commanding the respondents herein, other than the two district judges, to desist and refrain from undertaking to cause to be tried in the district court of Willacy County, Texas, or any other Texas court, any of the issues that were raised or presented in the plaintiff's First Amended Original Petition in Cause No. 1539 in the district court of Willacy County, Texas; from filing any petition or interrogatories or requests for admissions or other instruments in the said court or courts in preparation for trial or for the purpose of trying any of said issues; from taking any procedural steps or instituting any proceedings for the trial of any issue in said Cause No. 1539 other than the issue of accounting to respondents, the Atwoods, for royalty that may be due them under the leases involved in that cause; from instituting or causing to be instituted or prosecuting or causing to be instituted or prosecuted in the district court of Willacy County, Texas, or any other Texas court, any suit or other proceeding for the trial of any of the issues that were raised or presented in the said First Amended Original Petition or for the trial of any of the issues that were concluded by this Court's judgment in Cause No. A-3126; from applying for commission to take, or proceeding further with the taking of, depositions on the interrogatories filed by respondents in Cause No. 1539 in the district court on May 16, 1952, and from presenting or proceeding further with the request for admissions filed in said Cause No. 1539 and served on relator's attorney on May 19, 1952; and from instituting or prosecuting any suit or any proceeding or suing out any process in the district court of Willacy County, or any other Texas court, that will interfere with this Court's judgment in Cause No. A-3126 or with its enforcement.

GARWOOD, J., not sitting.

## JONES v. STATE.

### No. 26042.

Court of Criminal Appeals of Texas.

Nov. 19, 1952.

———◆———

No attorney on appeal.

George P. Blackburn, State's Atty., Austin, for the State.

DAVIDSON, Commissioner.

The unlawful sale of whisky in a dry area is the offense; the punishment, a fine of $300.

The record before us does not contain a statement of facts or bills of exception. Nothing is presented for review.

The judgment is affirmed.

Opinion approved by the court.